# United States Court of Appeals
### For The District of Columbia Circuit

_____

**No. 24-1200**                                              **September Term, 2024**

EPA-89FR38950

**Filed On:** November 1, 2024

City Utilities of Springfield, Missouri, by and through the Board of Public Utilities,

      Petitioner

      v.

Environmental Protection Agency and Michael S. Regan, Administrator, United States Environmental Protection Agency,

      Respondents

------------------------------

Altamaha Riverkeeper, et al.,
              Intervenors

------------------------------

Consolidated with 24-1267, 24-1269, 24-1274, 24-1275, 24-1276

**BEFORE:** Henderson, Pillard, and Walker, Circuit Judges

# O R D E R

Upon consideration of the State of Ohio's motion for leave to intervene, the opposition thereto, and the reply; and petitioner East Kentucky Power Cooperative, Inc.'s motion for stay pending review, the oppositions thereto, and the reply, it is

**ORDERED** that the motion for stay be denied. Petitioner has not satisfied the stringent requirements for a stay pending court review. See Nken v. Holder, 556 U.S. 418, 434 (2009); D.C. Circuit Handbook of Practice and Internal Procedures 33 (2021). It is

**FURTHER ORDERED** that the motion for leave to intervene be denied. This court has concluded that "all would-be intervenors must demonstrate Article III standing," Old Dominion Elec. Coop. v. FERC, 892 F.3d 1223, 1232 (D.C. Cir. 2018),

# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**
_____

**No. 24-1200**  September Term, 2024

and Ohio does not argue that it is not required to establish standing here.  Nor has Ohio demonstrated that it satisfies the requirements for standing.  See, e.g., Nat'l Fam. Plan. & Reprod. Health Ass'n, Inc. v. Gonzales, 468 F.3d 826, 831 (D.C. Cir. 2006) ("self-inflicted harm" neither is "an 'injury' cognizable under Article III" nor is "fairly traceable to the defendant's challenged conduct"); Bhd. of Locomotive Eng'rs & Trainmen v. Surface Transp. Bd., 457 F.3d 24, 28 (D.C. Cir. 2006).  Ohio's self-inflicted injury does not give it an interest in this case sufficient to justify intervention.  See Fed. R. App. P. 15(d); Fed. R. Civ. P. 24.  Ohio's other argument in support of standing – that the rule takes away Ohio's ability to establish less stringent standards – was raised for the first time in its reply, and thus, it is forfeited.  See Twin Rivers Paper Co. v. SEC, 934 F.3d 607, 615 (D.C. Cir. 2019).  Ohio may, however, participate as amicus curiae.  See Fed. R. App. P. 29(a)(2).  It is

**FURTHER ORDERED**, on the court's own motion, that the parties submit, within 14 days of the date of this order, proposed formats and schedules for the briefing of these cases.  The parties are strongly urged to submit a joint proposal and are reminded that the court looks with extreme disfavor on repetitious submissions and will, where appropriate, require a joint brief of aligned parties with total words not to exceed the standard allotment for a single brief.  Whether the parties are aligned or have disparate interests, they must provide *detailed* justifications for any request to file separate briefs or to exceed in the aggregate the standard word allotment.  Requests to exceed the standard word allotment must specify the word allotment necessary for each issue.

**Per Curiam**

                                          **FOR THE COURT:**
                                          Mark J. Langer, Clerk

BY:    /s/
            Selena R. Gancasz
            Deputy Clerk