**ORAL ARGUMENT NOT YET SCHEDULED**

# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____
                              )
CITY UTILITIES OF SPRINGFIELD,)
MISSOURI BY AND THROUGH       )
THE BOARD OF PUBLIC           )
UTILITIES,                    )
                              )
            Petitioner,       )   No. 24-1200
                              )   (and consolidated cases)
v.                            )
                              )
U.S. ENVIRONMENTAL            )
PROTECTION AGENCY, et al.,    )
                              )
            Respondents.      )
_____)

**RESPONDENTS' AND RESPONDENT-INTERVENORS' JOINT PROPOSAL ON BRIEFING SCHEDULE AND FORMAT**

In response to this Court's order on November 1, 2024 (ECF No. 2083243), Respondents and Respondent-Intervenors submit this joint proposal on briefing schedule and format.

These consolidated petitions challenge EPA's final rule titled "Hazardous and Solid Waste Management System: Disposal of Coal Combustion Residuals From Electric Utilities; Legacy CCR Surface Impoundments," 89 Fed. Reg. at 38950 (May 8, 2024).

1

All parties agree on the proposal for briefing deadlines that is set out below. Petitioners disagree with Respondents and Respondent-Intervenors on the appropriate word limits, so Petitioners are filing a separate proposal on word limits.

I. **Briefing Schedule**

All parties agree on the following proposal for briefing deadlines:

| **Filing** | **Deadline** | **Interval** |
|---|---|---|
| Petitioners' opening brief(s) | January 31, 2025 | 77 days from November 15, 2024 briefing proposal |
| Respondents' brief | April 18, 2025 | 77 days |
| Respondent-intervenors' brief | May 2, 2025 | 14 days |
| Petitioners' reply brief(s) | June 2, 2025 | 45 days from Respondents' brief |
| Deferred appendix | June 9, 2025 | 7 days |
| Final briefs | June 23, 2025 | 14 days, Fed. R. App. P 30(c)(2)(B) |

Petitioners have represented that an opening-brief deadline of January 31, 2025 is necessary due to other deadlines for Petitioners' counsel. This proposed schedule allows Respondents a response period that is equal to the interval between this briefing proposal and Petitioners' opening brief(s).

2

## II. Word Limits

Respondents and Respondent-Intervenors propose the following word limits, which allow 21,000 total words for each side's principal briefs.

| Filing | Word Limit |
|---|---|
| Petitioners' opening brief(s) | 21,000 words total, divided among Petitioners |
| Respondents' brief | 21,000 words |
| Respondent-intervenors' brief | 14,700 words (70% of opening brief(s), consistent with Circuit Rule 32(e)(2)(B)) |
| Petitioners' reply brief(s) | 10,500 words total, divided among Petitioners (50% of opening brief(s), consistent with Fed. R. App. P. 32(a)(7)(B)(ii)) |

This proposal is reasonable considering this Court's briefing orders in other recent matters. Recent cases involving EPA regulations of similar or greater complexity have allowed opening briefs that total 21,000 or fewer words for multiple petitioner groups. *E.g.*, Order, *Kentucky v. EPA*, No. 24-1087 (D.C. Cir. July 17, 2024), ECF No. 2065237 (allowing a total of 21,000 words for eight consolidated petitions challenging EPA's rule setting vehicle emission standards); Order, *Kentucky v. EPA*, No. 24-1050 (D.C. Cir. May 14, 2024), ECF No. 2054255 (allowing a total of 19,500 words for five consolidated petitions

3

challenging EPA's rule setting national air-quality standards); Order, *Western States Trucking Ass'n v. EPA*, No. 23-1143 (D.C. Cir. Sept. 19, 2023), ECF No. 2017811 (allowing a total of 18,900 words for six consolidated petitions challenging EPA's waiver of preemption allowing for enforcement of California heavy-duty motor vehicle regulations); Order, *Texas v. EPA*, No. 22-1031 (D.C. Cir. Aug. 11, 2022), ECF No. 1959030 (allowing a total of 21,000 words for seven consolidated petitions challenging EPA's rule setting vehicle emission standards).

In consolidated challenges to complex EPA regulations, this Court has routinely given each group of petitioners a word limit that is less than that of a standard-length brief. *E.g.*, Order, *Sinclair Wyoming Refining Co. v. EPA*, No. 22-1210 (D.C. Cir. Feb. 1, 2023), ECF No. 1984205 (9,100 words for obligated-party petitioners and 9,100 words for biofuels petitioners); Order, *RFS Power Coalition v. EPA*, No. 20-1046 (D.C. Cir. Oct. 26, 2020), ECF No. 1868039 (9,100 words for obligated-party petitioners and 9,100 words for biofuels petitioners); Order, *Growth Energy v. EPA*, No. 19-1023 (D.C. Cir. Aug. 20, 2019), ECF No. 1802964 (9,100 words for obligated-party petitioners; 9,100

words for biofuels petitioners; and 7,800 words for environmental petitioners).

As noted above, the proposed length of Respondent-Intervenors brief is consistent with Circuit Rule 32(e)(2)(B), which sets a word limit for an intervenor's principal brief that is 70 percent of the word limit for a Petitioner's opening brief. The requested 14,700 words is 70 percent of the overlength word limit that Respondents and Respondent-Intervenors propose for Petitioners' opening brief and Respondents' brief.

Petitioners have represented that they need 32,000 words for their opening brief(s), and Petitioners have attempted to justify that need by estimating that there are multiple issues that require 8,000 words to address. Petitioners' proposal is unreasonable. Petitioners overestimate, by thousands of words, the word counts necessary to brief certain issues. After all, a standard brief, which can often address multiple complex issues, is limited to 13,000 words. Fed. R. App. P. 32(a)(7)(B)(i). Petitioners' proposal would allow for opening briefs that are almost 2.5 times the length of a standard brief. Judicial economy is best served by

5

limiting the principal briefs to no more than 21,000 words, which is still significantly overlength.

\* \* \*

For the above reasons, the Court should enter a briefing order based on Respondents' and Respondent-Intervenors' proposal.

Respectfully submitted,

TODD KIM
Assistant Attorney General

 */s/ Tsuki Hoshijima*
TSUKI HOSHIJIMA
DAVID D. MITCHELL
U.S. Department of Justice
Environment and Natural Resources
  Division
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
(202) 532-3285
tsuki.hoshijima@usdoj.gov

*Counsel for Respondents*


*/s/ Gavin Kearney*
Gavin Kearney
Thomas Cmar
Earthjustice
311 South Wacker Dr., Ste. 1400
Chicago, IL 60606
(215) 717-4520

gkearney@earthjustice.org
tcmar@earthjustice.org

Gilbert Zelaya
Earthjustice
48 Wall St., 15th Fl.
New York, NY 10005
(212) 845-7393
gzelaya@earthjustice.org

Abel Russ
Senior Attorney
Environmental Integrity Project
888 17th St. NW, Suite 810
Washington, DC 20006
802-482-5379
aruss@environmentalintegrity.org

Nicholas S. Torrey
Southern Environmental Law Center
601 West Rosemary St., Ste. 220
Chapel Hill, NC 27516
(919) 967-1450
ntorrey@selcnc.org

Megan Wachspress
Staff Attorney, Sierra Club
2101 Webster St., Suite 1300
Oakland, CA 94612
(415) 977-5635
megan.wachspress@sierraclub.org

*Counsel for Respondent-Intervenors*

## CERTIFICATE OF SERVICE

On November 15, 2024, I filed the foregoing using the Court's CM/ECF system, which will electronically serve all counsel of record registered to use the CM/ECF system.

/s/ Tsuki Hoshijima

## CERTIFICATE OF COMPLIANCE

This document complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2) because, excluding the parts of the document exempted by Rule 32(f), it contains 771 words. This document complies with the typeface and type-style requirements of Rule 32(a)(5) and (6) because it was prepared in a proportionately spaced typeface using Microsoft Word in Century Schoolbook fourteen-point font.

/s/ Tsuki Hoshijima