**ORAL ARGUMENT NOT YET SCHEDULED**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | |
|---|---|
| **City Utilities of Springfield, Missouri by and through the Board of Public Utilities,** )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>**United States Environmental Protection Agency, et al.,** )<br>)<br>Respondents. ) | Case No. 24-1200<br>(consolidated with Case Nos. 24-1267, 24-1269, 24-1274, 24-1275, and 24-1276) |

## PETITIONERS' JOINT PROPOSED BRIEFING FORMAT AND SCHEDULE

Pursuant to this Court's Order dated November 1, 2024, Petitioners in this action jointly submit the following proposed briefing schedule and format for these consolidated cases. Petitioners conferred with counsel for Respondents and Respondent-Intervenors on a proposed briefing schedule and format. All parties have agreed to a proposed briefing schedule; however, the parties were unable to reach an agreement on a proposed briefing format with respect to the number of words allotted to each party. Accordingly, Petitioners file this separate proposed briefing format:

| Filing | Agreed Due Dates | Petitioners' Requested Word Limit |
|---|---|---|
| Petitioners' Opening Briefs | January 31, 2025 | 32,000 words total, divided into up to two briefs at Petitioners' discretion |
| Respondent's Answering Brief | April 18, 2025 | 32,000 words |
| Respondent-Intervenors' Answering Briefs | May 2, 2025 | 9,100 words |
| Petitioners' Reply Briefs | June 2, 2025 | 16,000 words total, divided into up to two briefs at Petitioners' discretion |
| Deferred Appendix | June 9, 2025 | N/A |
| Final Briefs | June 23, 2025 | See above |

These consolidated cases challenge the United States Environmental Protection Agency's (EPA) final action entitled Disposal of Coal Combustion Residuals From Electric Utilities; Legacy CCR Surface Impoundments, 89 Fed. Reg. 38,950 (May 8, 2024) (the Rule). The agency proceedings in this case spanned multiple years and involved an Advanced Notice of Proposed Rulemaking, 85 Fed. Reg. 65,015 (October 14, 2020), a Proposed Rule, 88 Fed. Reg. 31,982 (May 18, 2023), and a Notice of Data Availability, 88 Fed. Reg. 77,941 (Nov. 14, 2023), each with its own notice and comment period.

The Rule is, in effect, two rules in one. In one part of the Rule, EPA responds to this Court's remand in *Utility Solid Waste Activities Group v. EPA*, 901 F.3d 414 (D.C. Cir. 2018), regarding "legacy impoundments." 89 Fed. Reg. at 38,956. In the second part of the Rule, "[i]n addition to the revisions [] to address the *USWAG* decision," the Rule "add[s] a new category" of regulated activity, which EPA calls a "CCR management unit." *Id*. at 38,956, 39,035. EPA's rationale and record for the two parts of the Rule are different, and each presents distinct legal and record-based issues.

All parties agree that this case requires a word allotment greater than a single standard-length brief to fully and fairly litigate the complex issues. Six separate petitions for review of the Rule were filed and consolidated by the Court. The consolidated cases involve 17 State Petitioners, 24 owner-operator Petitioners (including a municipally owned utility, a State conservation and reclamation district, and local cooperatives), and 4 industry-group Petitioners.

Petitioners filed their separate Statements of Issues on September 20, 2024. *See, e.g.*, Docs. 2076053, 2076057, 2076073, 2076105, 2076115, 2076120. As set out in their respective Statements, Petitioners intend to raise a wide variety of statutory and record-based issues with respect to both parts of the Rule, which necessarily reflect the respective positions and responsibilities of the diverse range of Petitioners. For example, State Petitioners occupy a unique role under the statute

3

at issue here—the Resource Conservation and Recovery Act (RCRA)—which provides that States are primarily responsible for the types of solid waste management activities addressed by the Rule. Petitioners that are owner-operators of regulated facilities subject to the Rule will raise issues that relate to the diverse business models and physical properties of various Petitioners and their facilities.

As directed by the Court, Petitioners have endeavored to "specify the word allotment necessary for each issue." Doc. 2083243 at 2. The proposed number of words reflects Petitioners' efforts to avoid duplication in their briefing, while still addressing both the "legacy impoundment" and "CCR management unit" parts of the Rule. While the ultimate allotment and organization may differ—and some issues may be presented by only some groups of Petitioners—Petitioners would anticipate allocating the following words to the following broad categories of issues in their opening briefs, including the words necessary to provide a statement of the case, summary of argument, and other supporting sections on these issues:

1. EPA's regulation of CCR management units is outside of EPA's statutory authority under RCRA (8,000 words).

    a. The CCR management unit provisions of the Rule exceed EPA's statutory authority because, under the best reading of the statute, RCRA does not grant EPA the authority to issue national regulations for management of nonhazardous solid waste like CCR.

    b.    The CCR management unit provisions of the Rule infringe on Congress' direction that States, not EPA, define the solid waste management practices that constitute open dumping.

    c.    RCRA does not authorize EPA to regulate a facility without conducting an adequate assessment to conclude that such sites present a reasonable probability of adverse effects on health or the environment.

2.    The Rule's regulation of CCR management units is impermissibly retroactive (5,000 words).

    a.    RCRA does not grant EPA the authority to impose new pre-closure and closure requirements on CCR units that completed closure under then-existing RCRA requirements.

    b.    EPA failed to consider and reasonably account for Petitioners' reliance interests and substantial investments in completing closures under existing RCRA requirements.

3.    The Rule's regulation of the beneficial use of CCR is unlawful (8,000 words).

    a.    The Rule's regulation of the on-site beneficial use of CCR as a CCR management unit exceeds EPA's statutory authority under RCRA.

    b.    The Rule's regulation of the on-site beneficial use of CCR as a CCR management unit is arbitrary and capricious because EPA failed to consider all statutory factors when deciding to regulate beneficial use.

  c. EPA's risk assessment for CCR fills, a form of beneficial use, was neither reasonable nor reasonably explained.

  d. EPA unreasonably failed to acknowledge the conflict between the Rule and the beneficial use exemption in the existing regulations.

  e. The Rule has unreasonable secondary retroactivity as to beneficial use and fails to account for Petitioners' reliance interests in the existing beneficial use exemption.

4. The legacy impoundment provisions of the Rule are unlawful (6,000 words).

  a. The legacy impoundment provisions of the Rule exceed EPA's statutory authority because RCRA does not grant EPA the authority to regulate areas where waste was, but no longer is, disposed of.

  b. EPA failed to demonstrate that sites where CCR has been removed present a reasonable probability of adverse effects on health or the environment.

  c. EPA's regulation of sites where CCR has been removed is an unlawfully retroactive.

  d. The legacy provisions of the Rule are inconsistent with the WIIN Act.

  e. The Rule's regulation of legacy impoundments violates the Commerce Clause.

  f. The Rule's regulation of legacy impoundments is arbitrary and capricious.

5. The Rule is arbitrary and capricious (3,000 words).

  a. The record does not demonstrate a reasonable probability of adverse effects on health or the environment from CCR management units as a category.

  b. EPA failed to consider contrary data provided to the agency.

6. The definitions in the Rule are unlawful (2,000 words).

  a. The definitions in the Rule were promulgated without observance of statutory procedures in RCRA and the Administrative Procedure Act (APA).

  b. EPA failed to explain the post-proposal and post-signature changes to the definitions in the Rule.

The total allotment of 32,000 words for Petitioners' opening briefs will help ensure that the Parties can adequately brief the numerous issues involved in both parts of the Rule, including their distinct issues, while avoiding duplication. Allowing up to two briefs for Petitioners is necessary in light of the respective roles and interests of the State and non-State Petitioners, as discussed above. Despite the number of parties, complexity of the issues, and the size and technical nature of the administrative record, the Petitioners' proposed word count is analogous to, and in

many cases less than, the word counts the Court has permitted for other complex litigation of nationally applicable environmental rules issued by EPA. For example, to litigate petitions for review of the "Affordable Clean Energy Rule," this Court authorized 52,800 words across four Petitioners' briefs, 52,800 words for Respondents, and 26,400 across four reply briefs. *See Am. Lung Ass'n v. EPA*, No. 19-1140 (Order dated Jan. 31, 2020) (Doc. No. 1826621). In the "Clean Power Plan" litigation, the Court permitted 42,000 words for principal briefs and 21,000 words for reply. *See West Virginia v. EPA*, No. 15-1363 (Order dated Jan. 28, 2016) (Doc. No. 1595922). In the ongoing challenges to EPA's National Emission Standards for Hazardous Air Pollutants, the Court permitted 24,000 words for up to two Petitioners' briefs, 24,000 words for Respondents, and 12,000 words for reply briefs. *See North Dakota v. EPA*, No. 24-1119 (Order dated August 29, 2024) (Doc. 2072376). And in litigation over EPA's power plant greenhouse gas rule, the Court recently permitted principal briefs up to 32,000 words in the aggregate, with 16,000 words in the aggregate for reply. *See West Virginia v. EPA*, No. 24-1120 (Order dated Aug. 9, 2024) (Doc. No. 2069206).

      The Court's authorization of the proposed word count is warranted here for the same reasons that it was warranted in the aforementioned cases: litigation over EPA's nationally applicable rules is highly complex, and when many petitions for review are consolidated, as they are here, the parties require additional briefing space

8

in order to adequately raise and respond to all relevant arguments. That is particularly true here given the two-part nature of the Rule and the multiple issues that Petitioners plan to raise for each part of the Rule.

As for the Respondent-Intervenors' word limit, Petitioners propose allotting Intervenors a standard-length Intervenor brief of 9,100 words. *See* D.C. Circuit Rule 32(e)(2)(B)(i). Respondent-Intervenors moved to intervene in this case in a single motion and their interests are generally aligned, *see* Doc. 2064787; therefore, a single, standard-length brief is appropriate and will ensure efficiency in the briefing.

Petitioners respectfully request that the Court enter the Parties' agreed-to schedule and Petitioners' requested format for briefing these consolidated cases.

Dated: November 15, 2024

Respectfully submitted,

Drew H. Wrigley
Attorney General

/s/ *Philip Axt*
Philip Axt
Solicitor General
600 E Boulevard Ave., Dept. 125
Bismarck, ND 58505
Phone: (701) 328-2210
pjaxt@nd.gov

Malinda Morain
Special Assistant Attorney General
1675 Broadway, Suite 600
Denver, CO 80202
Phone: (303) 407-4499
mmorain@bwenergylaw.com

*Counsel for State of North Dakota*

Ken Paxton
Attorney General

Brent Webster
First Assistant Attorney General

Aaron L. Nielson
Solicitor General

/s/ *Lanora C. Pettit*
Lanora C. Pettit
Principal Deputy Solicitor General
Jacob C. Beach
Assistant Solicitor General
Office of the Texas Attorney General
P.O. Box 12548 (MC 059)
Austin, Texas 78711-2548
Phone: (512) 936-1700
lanora.pettit@oag.texas.gov
Jacob.beach@oag.texas.gov

*Counsel for the State of Texas*

Steve Marshall
Attorney General

*/s/ Edmund G. LaCour Jr.*
Edmund G. LaCour Jr.
Solicitor General
Office of the Attorney General
State of Alabama
501 Washington Ave.
Montgomery, AL 36130
Phone: (334) 242-7300
Edmund.LaCour@AlabamaAG.gov

*Counsel for State of Alabama*

Bridget Hill
Attorney General

*/s/ David DeWald*
David DeWald
Deputy Attorney General
Shannon Leininger
Assistant Attorney General
109 State Capitol
Cheyenne, WY 82002
Phone: (307) 777-7895
david.dewald@wyo.gov
shannon.leininger@wyo.gov

*Counsel for State of Wyoming*

10

Theodore E. Rokita
Attorney General

*/s/ James A. Barta*
James A. Barta
Solicitor General
Indiana Attorney General's Office
IGCS – 5th Floor
302 W. Washington St.
Indianapolis, IN 46204
Phone: (317) 232-0709
james.barta@atg.in.gov

*Counsel for State of Indiana*

Brenna Bird
Attorney General

*/s/ Eric H. Wessan*
Eric H. Wessan
Solicitor General
1305 E. Walnut Street
Des Moines, Iowa 50319
Phone: (515) 823-9117
Fax: (515) 281-4209
eric.wessan@ag.iowa.gov

*Counsel for State of Iowa*

Russell Coleman
Attorney General

*/s/ Matthew F. Kuhn*
Matthew F. Kuhn
Solicitor General
Jacob M. Abrahamson
Assistant Solicitor General
Office of Kentucky Attorney General
700 Capital Avenue, Suite 118
Frankfort Kentucky 40601
Phone: (502) 696-5300
Matt.Kuhn@ky.gov
Jacob.Abrahamson@ky.gov

*Counsel for Commonwealth of Kentucky*

Liz B. Murrill
Attorney General

*/s/ J. Benjamin Aguinaga*
J. Benjamin Aguinaga
Solicitor General
Office of the Louisiana Attorney General
1885 North Third Street
Baton Rouge, LA 70804
Phone: (225) 428-7432
aguinagaj@ag.louisiana.gov

*Counsel for the State of Louisiana*

11

Lynn Fitch
Attorney General

*/s/ Justin L. Matheny*
Justin L. Matheny
Deputy Solicitor General
Office of the Mississippi Attorney General
P.O. Box 220
Jackson, Mississippi 39205-0220
Phone: (601) 359-3825
justin.matheny@ago.ms.gov

*Counsel for State of Mississippi*

Austin Knudsen
Attorney General

*/s/Peter M. Torstensen*
Christian B. Corrigan
Solicitor General
Peter M. Torstensen, Jr.
Deputy Solicitor General
Montana Department of Justice
215 North Sanders
P.O. Box 201401
Helena, MT 59620-1401
Phone: (406) 444-2026
peter.torstensen@mt.gov

*Counsel for State of Montana*

Andrew T. Bailey
Attorney General

/s/ *Samuel C. Freedlund*
Samuel C. Freedlund
Deputy Solicitor General
Office of the Attorney General
815 Olive St., Suite 200
St. Louis, MO 63188
Phone: (314) 340-4869
Fax: (573) 751-1774
Samuel.Freedlund@ago.mo.gov

*Counsel for State of Missouri*

Michael T. Hilgers
Attorney General

*/s/ Zachary B. Pohlman*
Zachary B. Pohlman
Assistant Solicitor General
Nebraska Department of Justice
2115 State Capitol
Lincoln, Nebraska 68509
Phone: (402) 471-2683
Fax: (402) 471-3297
zachary.pohlman@nebraska.gov

*Counsel for State of Nebraska*

12

Gentner Drummond
Attorney General

*/s/ Garry M. Gaskins, II*
Garry M. Gaskins, II
Solicitor General
Jennifer L. Lewis
Deputy Attorney General
Office of the Attorney General of Oklahoma
313 NE Twenty-First St.
Oklahoma City, OK 73105
Phone: (405) 521-3921
garry.gaskins@oag.ok.gov
jennifer.lewis@oag.ok.gov

*Counsel for State of Oklahoma*

Sean Reyes
Attorney General

*/s/ Stanford Purser*
Stanford Purser
Solicitor General
Office of the Utah Attorney General
160 East 300 South, Fifth floor
Salt Lake City, Utah 84111
Phone: (801) 366-0533
Spurser@agutah.gov

*Counsel for State of Utah*

Alan Wilson
Attorney General

*/s/ J. Emory Smith, Jr.*
J. Emory Smith, Jr.
Deputy Solicitor General
Office of Attorney General of South Carolina
1000 Assembly Street
Columbia, SC 29201
Phone: 803-734-3642
esmith@scag.gov

*Counsel for State of South Carolina*

Jason Miyares
Attorney General

*/s/ Kevin M. Gallagher*
Kevin M. Gallagher
Principal Deputy Solicitor General
Brendan T. Chestnut
Deputy Solicitor General
Virginia Attorney General's Office
202 North 9th Street
Richmond, VA 23219
Phone: (804) 786-2071
kgallagher@oag.state.va.us
bchestnut@oag.state.va.us

*Counsel for Commonwealth of Virginia*

13

Patrick Morrisey
Attorney General

*/s/ Michael R. Williams*
Michael R. Williams
Solicitor General
Office of the Attorney General
State Capitol Complex
Building 1, Room E-26
Charleston, WV 25301
Phone: (304) 558-2021
michael.r.williams@wvago.gov

*Counsel for State of West Virginia*

*/s/ P. Stephen Gidiere III*
P. Stephen Gidiere III
Julia B. Barber
BALCH & BINGHAM LLP
1901 6th Ave. N., Ste. 1500
Birmingham, Alabama 35203
205-251-8100
sgidiere@balch.com

*Counsel for AEP Generation Resources, Inc., Appalachian Power Company, Indiana Michigan Power Company, Kentucky Power Company, Ohio Power Company, Public Service Company of Oklahoma, Southwestern Electric Power Company, Wheeling Power Company, Coleto Creek Power, LLC, Dynegy Midwest Generation, LLC, Electric Energy, Inc., Illinois Power Generating Company, Illinois Power Resources Generating, LLC, Kincaid Generation, L.L.C., Luminant Generation Company LLC, Miami Fort Power Company LLC, Zimmer Power Company LLC, Duke Energy Carolinas, LLC, Duke Energy Progress, LLC, Duke Energy Indiana, LLC, the Lower Colorado River Authority, and Talen Energy Supply, LLC*

/s/ *John McCaffrey*
John McCaffrey
STINSON LLP
1775 Pennsylvania Avenue, NW
Suite 800
Washington, DC 20006
Telephone:  (202) 785-9100
john.mccaffrey@stinson.com

*Counsel for City Utilities of Springfield, Missouri*

/s/ *Makram B. Jaber*
Makram B. Jaber
Allison D. Wood
Aaron M. Flynn
MCGUIREWOODS LLP
16th Street N.W., Suite 500
Black Lives Matter Plaza
Washington, DC 20006
(202) 857-1700
mjaber@mcguirewoods.com
awood@mcguirewoods.com
aflynn@mcguirewoods.com

Michael E. Born
Cheri A. Budzynski
Krystina E. Garabis
SHUMAKER, LOOP & KENDRICK, LLP
Huntington Center
41 South High Street
Columbus, OH 43215
(614) 628-4415
mborn@shumaker.com
cbudsynski@shumaker.com
kgarabis@shumaker.com

*Counsel for Electric Generators for Sensible CCR Regulation*

/s/ *Margaret K. Fawal*
Margaret K. Fawal
Douglas H. Green
VENABLE LLP
600 Massachusetts Ave. NW
Washington, DC 20001
(202) 344-4791
mkfawal@venable.com
dhgreen@venable.com

*Counsel for Utility Solid Waste Activities Group, National Rural Electric Cooperative Association, and American Public Power Association*

/s/ *S. Chad Meredith*
S. Chad Meredith
G. Luke Burton
SQUIRE PATTON BOGGS (US) LLP
201 E. Fourth St., Suite 1900
Cincinnati, Ohio 45202
Telephone:  +1 513 361 1200
Facsimile:  +1 513 361 1201
E-mail:  chad.meredith@squirepb.com
             luke.burton@squirepb.com

*Counsel for East Kentucky Power Cooperative, Inc.*

15

## CERTIFICATE OF COMPLIANCE

The foregoing document complies with the typeface and type-volume requirements of the Federal Rules of Appellate Procedure and the rules of this Court. The document is set in 14-point Times New Roman font and contains 1,626 words.

Dated: November 15, 2024　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　*/s/* P. Stephen Gidiere III
　　　　　　　　　　　　　　　　　　　　　　P. Stephen Gidiere III

## CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2024, I electronically filed the foregoing through the CM/ECF system, which will send a notice of filing to all registered CM/ECF users.

Dated: November 15, 2024                                  Respectfully submitted,

                                                          */s/* P. Stephen Gidiere III
                                                          P. Stephen Gidiere III